UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE MCNEELY,

    Plaintiff,

v.

GENESEE COUNTY JAIL, et al.

    Defendants.

Case No. 22-11788
Honorable Laurie J. Michelson

**OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE [1]**

In June 2022, Antoine McNeely, who is currently confined in the Genesee County Jail, tested positive for COVID-19. (ECF No. 1, PageID.6.) So he was transported to the jail's medical unit. (*Id.*) But, says McNeely, about $200 worth of property was stolen from his cell while he was recovering. (*Id.* at PageID.6, 9.) So he sued the jail, the Genesee County Sheriff's Department, and two deputies under 42 U.S.C. § 1983. (*See generally* ECF No. 1.) And he filed an application to proceed without prepaying fees or costs under 28 U.S.C. § 1915. (*See* ECF No. 2.)

On August 5, 2022, Executive Magistrate Judge David R. Grand issued an order of deficiency, which explained that 28 U.S.C. § 1915(a)(2) requires a prisoner to submit certain paperwork before a Court can grant an application to proceed without prepaying fees or costs. (*See* ECF No. 4.) Because McNeely had failed to do so, Magistrate Judge Grand ordered him to pay the filing fee in full or to submit the required paperwork within 30 days. (*See* ECF No. 4, PageID.26 ("[P]laintiff is ordered

to provide an authorization to withdraw funds from his jail account, a signed certification of his trust account from an authorized prison official, and a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months within thirty days of this Court's Order.").) The order warned that if McNeely did not comply, "his complaint shall be DISMISSED." (*Id.*)

The deadline to correct the deficiency has come and gone, and McNeely neither responded to the order nor paid the filing fee. So the complaint is DISMISSED WITHOUT PREJUDICE. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) ("If the prisoner does not comply with the district court's directions [to correct a deficiency], the district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution. If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees."); *see also Erby v. Kula*, 113 F. App'x 74, 75 (6th Cir. 2004). McNeely may file a new civil rights complaint under a new case number as long as he pays the fees or provides the documentation necessary to proceed without the prepayment of fees. A separate judgment will follow.

SO ORDERED.

Dated: October 12, 2022

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE